# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BERNABE MENDOZA, <br><br> Defendant. | No. CR06-4017-MWB <br><br> **DETENTION ORDER** |

This matter came on for detention hearing on March 10, 2006. Assistant U.S. Attorney John Lammers appeared on behalf of the plaintiff (the "Government"). The defendant Bernabe Mendoza was present in person with his attorney, Assistant Federal Defender Robert Wichser. The Government offered the testimony of Task Force Officer Mike Simons.

The court must determine whether any condition or combination of conditions will reasonably assure Mendoza's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846,848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Mendoza as required and the safety of the community if the court finds there is probable cause to believe Mendoza committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. This presumption is subject to rebuttal by Mendoza. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause

element of section 3142(e) that triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988). A grand jury's indictment provides the probable cause required under 18 U.S.C. § 3142(e) to trigger the rebuttable presumption of risk of flight and danger to the community. *See United States v. Garcia*, 801 F. Supp. 258 (S.D. Iowa 1992) (citations omitted).

In the present case, the evidence indicates Mendoza has engaged repeatedly in criminal conduct. He has two prior felony convictions, as well as numerous alcohol-related charges and driving offenses. Of particular significance to the court in the detention determination is the fact that, on this record, Mendoza was involved in very large-scale drug transactions seventeen months after he was discharged from parole after serving time for a drug-related conviction.

In addition, the Government's case against Mendoza appears to be quite strong. Mendoza participated in three controlled buys of large quantities of methamphetamine. Mendoza has failed to offer any evidence to rebut the presumption that he would be a danger to the community. The presumption arises from the charge itself – a serious drug charge involving the manufacture and distribution of a significant quantity of methamphetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985). Viewing the record as a whole, the court finds nothing to indicate Mendoza would be able to refrain from continuing to engage in criminal activities if he were released. The court further finds that although Mendoza has significant ties to the community, his behavior and the fact that he is facing a significant sentence if convicted on these charges indicate he is a flight risk.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Mendoza is a flight risk, and has proved by clear and convincing evidence

that Mendoza would be a danger to the community if released.  Therefore, the court finds the following:

1. Mendoza is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Mendoza reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Mendoza to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order.  Therefore, Mendoza must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 13th day of March, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT